[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue in this case is whether the validity of a Mechanic's Lien filed in the name of Paradigm Contract Management Co., Inc. can be sustained. In early 1997, shortly after he took over the operation of the business, Mr. Alan Bietsch discovered that Paradigm Contract Management Co., Inc. had never in fact been incorporated, and that the corporation did not exist. Nevertheless, in January 1998, he purported to have Paradigm Contract Management Co., Inc. enter into a contract with the applicant in this case, Crowne Pond, LLC., for road construction and the excavation and installation of underground utilities on a project being constructed by the applicant in Wilton, CT Page 160 Connecticut.
On November 30, 1998, more then ten months after that contract was signed and work was commenced thereunder, Mr. Bietsch caused to be formed a Connecticut corporation whose name is The Paradigm Contract Management Company, Inc. Nevertheless, all work performed pursuant to the January 1998 contract with Crowne Pond, LLC was performed, until January 1999, by what the respondent claims now to be a de facto corporation, Paradigm Contract Management Co., Inc.[1] In January 1999, Mr. Bietsch began to perform the contract work in the corporate name of Site Earth Technologies, Inc. ("Site Earth") a new corporation formed and owned by him.[2] All the work done on the project from January 15, 1999 through June 30, 1999 was done by Site Earth employees. Mr. Bietsch himself was on the payroll of Site 
Earth, and all invoices rendered on the job during that period were rendered by Site Earth.
Under the facts of this case, the Mechanic's Lien cannot be sustained. Although the respondent claims that Paradigm Contract Management Co., Inc. is a de facto corporation and therefore entitled to enter into the contract with the applicant, to file a Mechanic's Lien and presumably one day to foreclose upon it if necessary, the respondent and Mr. Bietsch did nothing to cure the defect[3] from early in 1997 when Mr. Bietsch discovered the problem, until November 30, 1998.[4] Instead he entered into a contract worth almost One Million Dollars in January, 1998 in the name of a corporation he knew did not exist. He continued to perform work with that non-existent entity even after he had formed a de jure corporation presumably for the purpose of making things right. When a dispute over payment arose, a Mechanic's Lien was filed in the name, not of the corporation he formed, but in the name of the claimed de facto corporation.
"The de facto corporation doctrine is used primarily in those situations where (1) a party has done business as a corporation, (2) the corporation actually exists for all practical purposes, but because of a failure to comply with some provision of the law, has no legal right to corporate existence as against a direct attack by the state, and (3) where a party attempts to take advantage of the corporation's failure to comply with the requisite state provisions for incorporation by bringing suit against the corporate officers, and/or shareholders, in their individual capacities." (Citations omitted) Travell v. Kelly,
Superior Court, J.D. of New London at New London, Docket No. CT Page 161 539344 (March 12, 1997) (Hurley, J.T.R.). No case has been cited to the court in which a de facto corporation has been permitted to file a Mechanic's Lien. The court finds that the respondent has no standing to file a Mechanic's Lien under the facts of this case, and cannot invoke the jurisdiction of the court.
Even if this court were to find that it has jurisdiction, the Mechanic's Lien filed by the de facto corporation is untimely. All the work done on the project from January 15, 1999 through June 30, 1999 was done by Site Earth, through its employees under the supervision of Mr. Bietsch, who was the owner and on the payroll of Site Earth. The invoices on the job from January through June 1999 were by Site Earth. To the extent that testimony of Mr. Bietsch may contradict the fact that only Site 
Earth performed work during that period, the court does not credit that testimony.[5]
Upon consideration of the facts before it, the court finds that the respondent has failed to establish that there is probable cause to sustain the validity of the lien (for which a bond had been substituted). The court further finds that the applicant has proven by clear and convincing evidence that the validity of the lien should not be sustained. Accordingly, the court declares the lien invalid and, pursuant to Connecticut General Statutes §49-37(b)(5)(1)(B), orders that the bond is void.
So Ordered
D'ANDREA, J.